UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

  Plaintiff,

v.

MARQUEL BAZEMORE and JOSEPH
SHADE-HUBBARD,

  Defendants.
_____/

Criminal No. 19-20531

Honorable Nancy G. Edmunds

**ORDER DENYING DEFENDANTS' EMERGENCY MOTION
FOR REVIEW OF BOND [51, 53]**

This matter is before the Court on Defendants Robert Marquel Bazemore and Joseph Shade Hubbard[1] emergency motions for bond. (ECF Nos. 51 and 53.) Defendants ask the Court to reconsider its previous orders denying bond in light of the COVID-19 pandemic. The Government opposes the motions and opposes releasing Defendants from custody. The parties have fully briefed the issues and the Court concludes that a hearing on the motions is not necessary. For the reasons set forth below, the Court **DENIES** the motions.

**DISCUSSION**

The Defendants are charged with the armed carjacking of a 66-year-old Lyft driver. After a detention hearing, Magistrate Judge Patti entered orders finding that Defendants

---

[1] The Government moves to strike Defendant Hubbard's request for bond because he did not file an actual motion, and instead filed notice of joinder to Defendant Bazemore's motion for bond. (ECF No. 55.) As discussed herein, neither Defendant Bazemore nor Defendant Hubbard raise any individualized reasons for release on bond. Accordingly, the Court will entertain Defendant Hubbard's joinder as a motion for bond based on the COVID-19 pandemic and the Government's motion to strike is denied.

1

failed to present sufficient evidence to rebut the presumption that no condition or combination of conditions will reasonably assure their appearance and the safety of the community. (ECF No. 23, 29.) Magistrate Judge Patti conversely found that the Government had established by clear and convincing evidence that Defendants should be detained. Neither Defendant initially appealed their detention orders.

Defendants now move for reconsideration of the Court's detention orders. Defendants, however, do not present any evidence to rebut the presumption of detention. Defendants also do not seriously discuss any of the 18 U.S.C. § 3142(g) factors or challenge the factual findings underlying their detention orders. Instead, Defendants argue they should be released from custody because of the COVID-19 pandemic. Thus the question before the Court is whether the outbreak and threat of COVID-19 constitutes a change in circumstances, compelling and necessary reason, or exceptional circumstance warranting the release of Defendants on bond notwithstanding the Court's original findings and the substantial evidence of Defendants' respective dangerousness and risk of flight.

In their motions, Defendants assert only generalized concerns about the COVID-19 pandemic. Indeed, their motions are based entirely on threats that the COVID-19 virus potentially poses to the entire prison population. Defendants do not claim to suffer from underlying health conditions that may place them at additional risk if they are ultimately infected. And Defendants do not expressly argue for release under § 3142(i).

The Court agrees with Defendants that COVID-19 is a serious public health concern. The Court also agrees with Defendants that the threat of COVID-19 may constitute a compelling reason or exceptional circumstance warranting the release of a

defendant on bond. However, having considered the entire record in this matter, the Court finds Defendants' generalized concerns about the risk of contracting the virus do not warrant their release pending trial under either § 3142 or § 3145(c) in light of the record in this matter.

As the Government points out, Defendants are in no greater danger of contracting COVID-19 than any other detainee, and the BOP has instituted precautionary measures to mitigate the spread of the virus. While detained, Defendants will have access to on-site medical professionals to monitor their health and the health of those around them. There is nothing in the record establishing that Defendants potential medical needs would not be met while detained, or that release is otherwise necessary. There is also nothing in the record to establish that Defendants would be less likely to be exposed to the virus, or would receive better care if infected, outside of detention.

Furthermore, to the extent Defendants have already been exposed to the virus, releasing Defendants creates additional risks and danger to the public at large. The Court finds that granting Defendants' requested relief may well endanger the public, pretrial services officers, and local law enforcement officers who are already operating under the strain of limited resources.

## **CONCLUSION**

The Court previously found Defendants failed to present evidence to rebut the presumption, and that the Government proved by clear and convincing evidence, that Defendants present a danger to the community and a risk of flight, and that no condition or combination of conditions could reasonably assure the safety of the community and their appearance in court. Having reviewed the record in its entirety in this matter, the

3

Court finds that Defendants fail to establish that the risks presented by the COVID-19 pandemic warrant their release. Accordingly, and for the above-stated reasons, Defendants' motions are **DENIED.**

**SO ORDERED.**

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: April 22, 2020

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 22, 2020, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager
